UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alvaro Mukaba Leta

     v.                                     Civil No. 1:26-cv-139-SE-AJ

FCI Berlin, Warden, et al.

O R D E R

Alvaro Mukaba Leta, a citizen of Angola, filed a petition for a writ of habeas corpus on February 25, 2026, contesting his detention and requesting, inter alia, a bond hearing or immediate release from custody. Doc. no. 1. The court thereafter ordered the respondents to show cause within seven days as to why it should not issue an order granting the petition to the extent of ordering the respondents to afford the petitioner with a bond hearing. Doc. no. 2. The petitioner subsequently withdrew his original claims and filed an amended petition. Doc. nos. 5 & 7. The amended petition likewise contests his detention and seeks the same relief, but only under Zadvydas v. Davis, 533 U.S. 678 (2001). On March 30, 2026, the respondents filed their response to the amended petition. Doc. no. 6.

On January 7, 2025, an Immigration Judge (IJ) denied the petitioner's application for asylum, ordered him removed, and granted withholding of removal to Angola. Doc. 10-2 at 2. Thus, the parties agree that the petitioner has been subject to a final order of removal since January 7, 2025. Doc. no. 5 at 4, doc. no. 10 at 5. On January 30, 2025, the IJ released the petitioner from custody on an Order of Supervision (OSUP). Doc. no. 10-3 at 1. On January 5, 2026, ICE issued a Notice of Revocation of Release, revoked the petitioner's release, and provided an informal interview. Doc. no. 10-4 at 2–3. The notice explains that the circumstances

of the petitioner's case have changed and the purposes of his release have been served because ICE has determined that the petitioner can be removed to a country other than Angola pursuant to the final order of removal. Doc. no. 10-4 at 2.

By statute, the government must remove a noncitizen during the "removal period," which begins upon the entry of a final order of removal and lasts 90 days. 8 U.S.C. § 1231(a)(1). Detention is mandatory during the removal period. § 1231(a)(2). If the government is unable to remove a noncitizen before the removal period expires, it may release the noncitizen under an order of supervision pursuant to § 1231(a)(3) or continue to detain him under § 1231(a)(6). Continued detention under § 1231(a)(6) is permissible only for noncitizens who are: (1) inadmissible pursuant to 8 U.S.C. § 1182; (2) subject to certain grounds for removability in 8 U.S.C. § 1227; or (3) determined to be a risk to the community or unlikely to comply with the order of removal.

Even when permissible, detention beyond the removal period under § 1231(a)(6) is limited. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The Zadvydas Court held that six months is presumptively "reasonably necessary to bring about the [noncitizen's] removal from the United States." Johnson v. Guzman Chavez, 594 U.S. 523, 529 (2021) (citing Zadvydas, 533 U.S. at 701). If the government has detained a noncitizen for more than six months, and the noncitizen "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the [noncitizen]." Id. (citing Zadvydas, 533 U.S. at 701). "[A]s the period of prior postremoval confinement grows," the Court noted, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. Moreover, a noncitizen can rebut the presumption that six months is a reasonable period for removal "by affirmative evidence that

[the] petitioner's removal is not reasonably foreseeable." See Li v. Hyde, No. 1:26-CV-00178-JL-TSM, at *2 (collecting cases).

Here, the petitioner's 90-day removal period expired on April 7, 2025. However, that merely means that his detention is not mandatory under § 1231(a)(2). It does not affect the respondents' authority to detain him under § 1231(a)(6). The petitioner has not been detained for at least six months[1] and has not, in the alternative, presented evidence that his removal is not reasonably foreseeable. Thus, the court agrees with the respondents that the petitioner's detention without a bond hearing for the purpose of effectuating his removal from the United States is presumptively reasonable and, without more, does not presently raise a constitutional concern. As such, the court is unable to provide the requested relief at this time.

The petition is denied without prejudice to the petitioner's ability to renew his request for relief should his circumstances materially change (i.e., his detention continues beyond six months, or he has evidence that his removal is not reasonably foreseeable). The Clerk shall enter judgment accordingly and close the case.

SO ORDERED.

Samantha D. Elliott
United States District Judge

April 27, 2026

cc:     Counsel of record.

---

[1] The six-month period is cumulative. See Ata v. Strafford Cnty. Dep't of Corr., Superintendent, et al., No. 1:26-CV-6-PB-TSM, 2026 WL 914957, at *4 (D.N.H. Apr. 3, 2026). The petitioner has not alleged that he has previously been held for any period of time pursuant to his final order of removal, but it appears that he may have been detained for 23 days after the IJ issued the removal order and before he was released on an OSUP.

3